IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>Plaintiff,<br><br>v.<br><br>**COSTA BAHÍA HOTEL AND CONVENTION CENTER LLC; EJA PROPERTY GROUP, INC.**<br>Defendant. | **CIVIL NO. 23    (____)** |

### NOTICE OF REMOVAL

**COME NOW** the Defendants, through the undersigned attorney, and respectfully states, alleges and prays as follows:

1. On December 21, 2022, Faustino Xavier Betancourt Colón, ("Faustino Betancourt" or "Plaintiff") filed *Complaint* number PO2022CV02373 ("Complaint") with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Ponce ("Local Court"), against the appearing Defendants requesting injunctive relief under the Americans With Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq*. A true and exact copy of Plaintiff's *Complaint* is attached here to as **Exhibit 1**.

2. On December 22, 2022, Defendants were served with *Summons* and a copy of the *Complaint*. **Exhibit 1.**

3. Pursuant to 28 U.S.C.A. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

Case 3:23-cv-01026-HRV   Document 1   Filed 01/20/23   Page 2 of 4

NOTICE OF REMOVAL
Faustino Betancourt v. Costa Bahia Hotel and Convention Center LLC; EJA Property Goup, Inc.
Civil No. 23-___ (___)

defendant or defendants to the district court of the United Stated for the district and division embracing the place where such action is pending."

4. Federal Courts have federal question subject-matter jurisdiction over cases arising under the Constitution or laws of the United States. 28 U.S.C.A. § 1331. See also, Fort v. ABZCO, LLC, 2020 U.S. Dist. Lexis 112728, at * 6 (D.PR, 2020); Cadillac Unif. & Linen Supply, Inc. v. Cent. Gen. de Trabajadores, 2020 U.S. Dist. Lexis 135170, at * 3 (D.P.R., 2020).

5. To determine whether federal question subject-matter jurisdiction exists, Courts assess the Complaint's well-pleaded allegations. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Fort, 2020 U.S. Dist. Lexis at * 6. To that end, a federally-created right must appear on the face of the complaint. Brough v. United Steelworkers of America, 437 F.2d 748, 749 (1st Cir. 1971); Fort, 2020 U.S. Dist. Lexis at * 6.

6. Courts consider the state court complaint's contents as it existed at the time of removal. Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 17 (1st Cir. 2018).

7. Claims filed under the Americans Disabilities Act confer federal question subject-matter jurisdiction. United States v. Nobel Learning Communities, 329 F.R.D. 524, 527 (D.NJ, 2018); Ridola v. Chao, 2018 U.S.Dist.Lexis 84241, at * 13 (N.D. Cal. 2018).

8. To be timely, the notice of removal must be filed within thirty (30) days of removing defendant's service of process. 28 U.S.C. § 1446(b). Here, Plaintiff filed her *Complaint* with the Local Court and served summons on December 22, 2022. **Exhibit 1.**

9. The *Complaint*'s well-pleaded allegations reveal that the asserted claims are strictly predicated upon the Americans With Disabilities Act's provisions. 42 U.S.C.A. § 12181, *et seq*.

Case 3:23-cv-01026-HRV    Document 1    Filed 01/20/23    Page 3 of 4

NOTICE OF REMOVAL
Faustino Betancourt v. Costa Bahia Hotel and Convention Center LLC; EJA Property Goup, Inc.
Civil No. 23-___ (___)

3

10. Its jurisdictional statement establishes the basis for removal, as this Court has original jurisdiction over the asserted claims arising from the ADA—which is a law of the United States:

> Should this civil proceeding be removed to the United States District Court, subject-matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343 (a)(3) and (a)(4) for ADA violations. (Translation ours).

11. This *Notice of Removal* is timely filed and as such, should be granted.

**WHEREFORE**, **Defendants** respectfully give notice of the removal of this action, so the proceedings may continue in this Court.

**I HEREBY CERTIFY**: that a true and exact copy of the instant *Notice of Removal*, along with its Exhibits, was sent on this same date to Local Court's legal counsel of record via: 1) certified mail to Mr. Juan Carlos Vélez Colón, Vélez Law Group, 421 Ave. Muñoz Rivera, San Juan, P.R. 00918. A true and exact copy was also served today to Plaintiff's Local Court counsels to their E-Mail address of record: jvelez@velezlawgroup.

**IT IS HEREBY CERTIFIED** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20${}^{TH}$ day of January 2023.

Case 3:23-cv-01026-HRV   Document 1   Filed 01/20/23   Page 4 of 4

NOTICE OF REMOVAL
Faustino Betancourt v. Costa Bahia Hotel and Convention Center LLC; EJA Property Goup, Inc.
Civil No. 23-___ (___)
4

**VALENZUELA-ALVARADO, LLC**
MCS Plaza
255 Ponce de León Avenue
Suite 825, Hato Rey
San Juan, Puerto Rico 00917-1942
Tel. (787) 756-4053
Fax: (787) 705-7415
www.valenzuelalaw.net

**S/José Enrico Valenzuela-Alvarado**

**JOSÉ ENRICO VALENZUELA-ALVARADO**
U.S.D.C.-P.R. 220104
Emails:
jeva@valenzuelalaw.net
jose.enrico.valenzuela1@gmail.com
enricovalenzuela@hotmail.com

**S/Mariangeli Mercado-Torres**

**MARIANGELI MERCADO-TORRES**
U.S.D.C.-P.R. 308205
Email: mmt@valenzuelalaw.net
lcda.mariangelimercado@gmail.com