UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAUSTINO XAVIER BETANCOURT COLON,

    **Plaintiff,**

v.

COSTA BAHIA HOTEL AND CONVENTION CENTER, et al.,

    **Defendants.**

Civil No. 23-1026 (ADC)

## OPINION AND ORDER

Before the Court is a motion to partially dismiss or stay filed by defendants Costa Bahía Hotel and Convention Center, LLC ("Costa Bahía") and EJA Property Group, Inc. ("EJA Property" and together with Costa Bahía, "defendants") on August 10, 2023. **ECF No. 18**. Plaintiff Faustino Xavier Betancourt-Colón ("plaintiff") filed an opposition on August 18, 2023. **ECF No. 19**. Defendants replied on August 21, 2023. **ECF No. 26**.

For the reasons set forth below, the Court **DENIES** defendants' motion.

**I.    Brief Factual Background and Summary of the Parties' Positions.**

On December 21, 2022, plaintiff filed an amended complaint in the Commonwealth of Puerto Rico's Court of First Instance, Ponce Part, under Title III of the American with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), seeking a declaratory judgment and a permanent injunction against defendants, who own, lease and/or operate a hotel and casino. *See* **ECF No. 11-1** (certified translation of amended complaint). Plaintiff alleged to have stayed in the hotel on

July 10, 2022, and to have identified several ADA violations throughout the physical facilities as well as in the hotel's website. *Id.*, at 7-16, ¶¶ 28-60. As to the latter, plaintiff specifically alleged that the barriers he identified through the hotel's website (as well as through third-party websites offering reservations for the hotel) were those related to accessible rooms not meeting the dispersion criteria of the 2010 ADA Standards for Accessible Design, 28 C.F.R. §§ 36.101 *et seq.* and 36 C.F.R. pt. 1191, app'x B and D. *See id.*, at 12-13, 16, ¶¶ 47, 48, 51.

On January 20, 2023, defendants removed the action to this Court. **ECF No. 1**. They filed an answer to the amended complaint on February 27, 2023. **ECF No. 10**. There, defendants denied the "website-based" allegations without more. *Id.*, at 4-5, ¶¶ 47, 48, 51. On August 10, 2023, defendants filed a motion to stay or partially dismiss the case.

As to the need for a stay, defendants requested that the case be stayed while the Supreme Court reviewed the First Circuit's opinion in *Laufer v. Acheson Hotels, LLC*, 50 F.4th 259 (1st Cir. 2022), *cert. granted*, 143 S. Ct. 1053 (2023), where the First Circuit affirmed "tester" standing under ADA Title III with regards to hotel websites. *Id.*, at 2-4. Particularly, defendants implied that this course of action was appropriate because plaintiff made his hotel reservations through a website and identified some of the alleged barriers through it, which defendants seem to equate to an allegation of "tester" standing akin to that involved in *Laufer*. *Id.*, at 2. In addition, defendants sought either partial dismissal of these website-based claims or a more definite

statement. Defendants also sought dismissal of plaintiff's state law claims for compensatory damages and an award of costs, fees, expenses, and reasonable attorneys' fees. *Id.*, at 20.[1]

Plaintiff filed a response on August 18, 2023. **ECF No. 19**. There, he argued that neither a stay, a more definite statement, nor dismissal should be granted because he does not base his standing solely on his status as a "tester," as he visited and stayed in the hotel and has the intention of returning. *Id.*, at 5-6. Plaintiff also affirmed that defendants violated the ADA's so-called "reservation rule" included in 28 C.F.R. § 36.302(e)(1)(ii). *Id.*, at 6-9.

## II.   Legal Standard

Although defendants fail to identify a procedural rule governing their motion to dismiss, the Court construes it principally as a request for partial dismissal under Fed. R. Civ. P. 12(b)(1)—specifically, one that challenges the "sufficiency" of the jurisdictional facts rather than their "accuracy." *See Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) (affirming that "[t]he proper vehicle for challenging a court's subject-matter jurisdiction is" Fed. R. Civ. P. 12(b)(1) and distinguishing between the two types of challenges under the Rule). When reviewing a complaint under Rule 12(b)(1) in such challenges, courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all

---

[1] The Court notes that defendants' motion is far from a paragon of clear legal writing, containing plenty of legal discussion but few actual arguments as to how the law applies here. That is why the Court refrains from classifying defendants' positions as "arguments" as there are next to none in the motion. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived…. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (alteration in original) (citation and internal quotation marks omitted).

As to requests for stay, the Supreme Court long ago affirmed that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). At the same time, it counseled that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*, at 255. The decision whether to grant a stay is within the discretion of the court but requires balancing the competing equities. *Id.*; *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004); *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878-79 (1st Cir. 1977).

### III. Discussion

Defendants' motion requests three types of relief: that the case be stayed, that the "website-based" claims be dismissed or clarified through a more definite statement, and that any state law claims for compensatory damages also be dismissed. The court takes each by turn.

First, defendants request a stay based on the pendency of the Supreme Court's review of the First Circuit's opinion in *Laufer* regarding "tester" standing. However, on December 5, 2023, the Supreme Court ruled that the claims in *Laufer* had become moot and vacated the First

Circuit's opinion under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023).[2] For that reason alone, the request for a stay is **DENIED**.

Second, as a consequence of the Supreme Court's *Musingwear* vacatur of the First Circuit's *Laufer* opinion, *Suárez-Torres v. Panadería y Reposteria España, Inc.*, 988 F.3d 542 (2021) remains the binding precedent in this circuit regarding ADA "tester" standing. There, the First Circuit joined other circuit courts of appeals in validating a "tester" plaintiff's standing to sue for violations of ADA Title III. *See Suárez-Torres*, 988 F.3d at 550-51 ("Congress did not limit the protections of the ADA to 'clients or customers' or otherwise impose a bona fide visitor requirement…. Hence, such limitations should not be read into the ADA [and] we conclude that appellant's status as testers does not defeat standing.") (citations omitted). Therefore, under current circuit precedent, even if plaintiff's "website-based" claims were properly characterized as being based on a "tester" theory of standing, they would not be subject to dismissal for that reason alone. The request to dismiss these claims is **DENIED**.

Moreover, the Court notes that defendants mischaracterized plaintiff's allegations regarding the "website-based" claims. In their motion to dismiss, defendants stated that the amended complaint "alleges in sum that previous to his visit to the premises of Defendants, Plaintiff… made a reservation via some 'websites,' without providing details of such 'facts.'"

---

[2] "Vacatur is a remedy that erases a judgment that has already been rendered. [A] so-called *Munsingwear* vacatur… [is] a species of vacatur… sometimes applied to judgments in civil cases that have become moot while on their way here or pending our decision on the merits." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 15 (2023) (Jackson, J., concurring in judgment) (internal citation and quotation marks omitted).

**ECF No. 18** at 2. The amended complaint has no such allegations of a prior reservation made through a website. Plaintiff only alleges that he "arrived at the hotel on July 10, 2022 as a bona fide visitor." **ECF No. 11-1** at 9, ¶ 28. The allegations specific to the "website-based" claims are dated approximately three months after the visit to October 3, 2022. *Id.*, at 14-15, ¶ 47. Therefore, defendants' claim that there is a "contradiction" in the allegations regarding plaintiff's stay at the hotel and his inability to use the website is unmoored from the allegations in the amended complaint. For that reason, the request for a more definitive statement is **DENIED**.

Finally, the Court notes that plaintiff did not oppose the dismissal of any state law claims seeking compensatory damages. Upon close inspection of the amended complaint, this is most likely because **there are no such claims or requests**. *See* **ECF No. 11-1** at 23-24 (prayer for relief). Why defendants included this request in their motion to dismiss is a mystery—a decision which, coupled with the motion's notable lack of legal argumentation and evident misreading of the allegations, does not reflect well on them.

IV.   **Conclusion**

In sum, there is nothing for the Court to dismiss or clarify at this stage. Nor is there any reason to stay the case. Therefore, for the reasons explained above, the Court **DENIES** defendants' motion to dismiss or stay at **ECF No. 18**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of March, 2024.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **United States District Judge**